UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SAMUEL TINOCO-POTOSME,

Petitioner,

v.

BRIAN ENGLISH, Warden,

Respondent.

CAUSE NO. 3:26-CV-362-CCB-SJF

## OPINION AND ORDER

Immigration detainee Samuel Tinoco-Potosme, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Tinoco-Potosme is a citizen of Nicaragua who entered the United States without inspection in 2022. (ECF 6-2 at 17.) He was encountered by United States Border Patrol agents in Texas a few miles from the U.S.-Mexico border on December 28, 2022, and it was determined that he had no lawful right to be in the United States. (*Id.*) He was detained and served with a Notice to Appear in immigration court, but was then granted temporary parole into the United States until March 1, 2023.[1] (*Id.* at 10, 17.) It can be discerned that he was expected to report back to immigration officials at the expiration of his parole but failed to do so.

---

[1] By statute, parole is not considered a formal "admission" into the United States and the noncitizen's case proceeds "in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A); *see also Morales-Ramirez v. Reno*, 209 F.3d 977, 978 (7th Cir. 2000) ("'Parole' into the United States allows an individual physically to enter the country, but it is not equivalent to legal entry into the United States.").

In August 2023, he was convicted of conversion in Indiana. (*Id.* at 16.) He was taken into custody by Immigration and Customs Enforcement (ICE) agents in August 2023 pursuant to a warrant and was subsequently released on his own recognizance. (*Id.* at 5-6.) In November 2025, he was arrested on a new charge of domestic battery. (*Id.* at 17.) He was transferred to ICE custody. (*Id.* at 2, 17.) He moved for a custody redetermination by an immigration judge, and a hearing was held in February 2026. (*Id.* at 8.) The judge determined that he posed a danger to the community and denied his request for bond. (*Id.*) He remains at Miami Correctional Facility pending the conclusion of his removal proceedings. (ECF 1.) He argues that his detention violates the Fifth Amendment's Due Process Clause and seeks immediate release from custody.[2] (ECF 1 at 7.)

In an order to show cause, the court directed the Warden to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 3.) The parties were instructed only to brief "what is different or new, not what has been decided, and

---

[2] The petition is light on detail and somewhat confusing as to the legal basis of his claims. The court must give his filing liberal construction because he is proceeding without the benefit of counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At the same time, the court is not permitted to construct arguments for him. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) ("In our adversarial system of adjudication, we follow the principle of party presentation. The parties frame the issues for decision, while the court serves as neutral arbiter of matters the parties present." (internal citations and quotation marks omitted)).

those issues particular to this petitioner." (*Id.* at 3.) The Warden answered the petition

(ECF 6), and the time has expired for Mr. Tinoco-Potosme to file a reply (*see* ECF 3).

The Warden repeats his argument from *De Jesús Aguilar* and other recent cases that

this court lacks jurisdiction over the petition and that Mr. Tinoco-Potosme is subject to

mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking

admission" within the meaning of that statute. (ECF 6 at 4-7.) These arguments were

rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g.,*

*Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.);

*Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The

court continues to be of the view that jurisdiction is secure and that the statute cannot

reasonably be interpreted in the manner urged by the government. Notably, the Seventh

Circuit held in deciding a motion for a stay pending appeal that the government was not

likely to succeed on its argument that the mandatory detention provision contained in

§ 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States.[3] *See*

*Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). The court

reaffirms its holding that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) does

not apply to individuals like Mr. Tinoco-Potosme who are arrested within the interior of

the country years after their arrival.

---

[3] The Second Circuit recently rejected the government's interpretation of § 1225(b)(2). *See Cunha v. Freden*, ___F.4th___, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). The court is also aware of the 2-1 opinions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026), reaching a different conclusion. These opinions are not binding in this Circuit, and the court remains convinced that its analysis of § 1225(b)(2) is sound until guidance comes from the Seventh Circuit.

3

The Warden alternatively argues that even if Mr. Tinoco-Potosme should be categorized under 8 U.S.C. § 1226, he received the process he is due. (ECF 6 at 8-12.) Under 8 U.S.C. § 1226(a) — the "default rule" for detention of noncitizens who are present in the United States, *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) — a noncitizen "may be arrested and detained" pursuant to a warrant while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a).

Here, the record reflects that Mr. Tinoco-Potosme was arrested pursuant to a warrant, which accords with § 1226(a). (ECF 6-2 at 5.) He was released on his own recognizance, but then re-detained after his arrest on a new criminal charge.[4] The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306. Mr. Tinoco-Potosme received such a hearing. (ECF 6-2 at 8.) The immigration judge examined his individual circumstances and determined that he posed a danger to the community if released. (*Id.*) He does not argue that her determination was erroneous or, indeed, even acknowledge that he already had a bond hearing. (*See* ECF 1.)

He argues that he has been wrongly detained "more than the statutory removal period of 90 days," but he appears to be referencing 8 U.S.C. § 1231, which applies when a

---

[4] Under applicable regulations, the Attorney General or her delegate may decide to re-detain a noncitizen who was released on his or her own recognizance where there are "changed circumstances," such as where the noncitizen has an arrest or conviction while on release. *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006). Mr. Tinoco-Potosme does not refute the documentation related to his arrest on a domestic battery charge in 2025 or argue that changed circumstances were lacking.

final removal order has been issued. This provision does not apply to Mr. Tinoco-Potosme, whose removal proceedings are still ongoing. Likewise, he cites to the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001), which imposed time limitations on post-removal detention to ensure that such detention does not become indefinite. As stated, this is not a post-removal case, and instead Mr. Tinoco-Potosme is challenging his detention while his removal proceedings are resolved.

Although the Due Process Clause requires that agencies follow their own regulations, that was done here as far as the present record reveals. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). Based on the record, Mr. Tinoco-Potosme has not demonstrated an entitlement to federal habeas relief.

For these reasons, the court **DENIES** the petition (ECF 1), and **DIRECTS** the clerk to close this case.

SO ORDERED on April 29, 2026.

*/s/Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

5